John E. Walker, SBN: 166270
E-Mail: jwalker@sacrowalker.com
Lisa M. Prince, SBN: 244168
E-Mail: lprince@sacrowalker.com
SACRO & WALKER LLP
700 North Brand Boulevard, Suite 610
Glendale, California 91203
Tel.: (818) 721-9597; Fax: (818) 721-9670

Attorneys for Plaintiff STATE FARM LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (EASTERN DIVISION)

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY, an Illinois corporation,<br><br>　　　Plaintiff,<br><br>vs.<br><br>JANICE GAYLORD, an individual; MARK GAYLORD, JR., an individual; CHRISTOPHER GAYLORD, an individual; CHARLES GAYLORD, an individual; SABRINA ROCHELLE COKER, an individual; and GARRET HILLARD, an individual,<br><br>　　　Defendants. | Case No. 5:21-cv-00431<br><br>**PLAINTIFF STATE FARM LIFE INSURANCE COMPANY'S INTERPLEADER COMPLAINT** |

**COMPLAINT IN INTERPLEADER**

1. Plaintiff, State Farm Life Insurance Company ("State Farm"), by and through its undersigned attorneys, for its Complaint in Interpleader alleges as follows:

**The Parties**

2. State Farm is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Bloomington County, Illinois. State Farm is duly authorized to do business in the State of California.

3. Upon information and belief, Defendant Janice Gaylord ("Janice") is an adult citizen of California domiciled in San Bernardino County, California.

4. Upon information and belief, Defendant Mark Gaylord, Jr. ("Mark Jr.") is an adult citizen of California domiciled in Riverside County, California.

5. Upon information and belief, Defendant Christopher Gaylord ("Christopher") is an adult citizen of California domiciled in Riverside County, California.

6. Upon information and belief, Defendant Charles Gaylord ("Charles") is an adult citizen of California domiciled in San Bernardino County, California.

7. Upon information and belief, Defendant Sabrina Rochelle Coker (aka Sabrina Dianna) ("Sabrina") is an adult citizen of California domiciled in San Bernardino County, California.

8. Upon information and belief, Defendant Garrett Hillard ("Garrett") is an adult citizen of California domiciled in San Bernardino County, California

**Jurisdiction and Venue**

9. This Court has jurisdiction under 28 U.S.C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. State Farm is an Illinois citizen for diversity purposes, and upon information and belief, all

defendants are citizens of either Riverside County or San Bernardino County, California.

10.   Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because the possible beneficiaries of the insurance policy benefits at issue reside in this judicial district.

State Farm's Interpleader Claim

11.   On or about December 22, 2004, Mark Gaylord (the "Insured") submitted an application for a Universal Life insurance policy with a $100,000 face value (the "Application").  In the Application, the Insured designated his spouse Janice a 50% primary beneficiary to the Policy benefits, with the remaining 50% of the Policy benefits split evenly between beneficiaries Mark Jr., Christopher and Sabrina.  The Insured designated his brother, Charles Gaylord, as a Secondary Beneficiary. *A copy of the Application dated December 22, 2004 is attached hereto as* **Exhibit A**.

12.   State Farm subsequently issued individual Universal Life insurance policy number LF-2198-7247 (the "Policy") to the Insured with the beneficiaries as stated in the Application.

13.   On the same date in March 2015, State Farm received two change of beneficiary forms for the Policy (the "Beneficiary Change Forms").  The Beneficiary Change Forms were each purportedly signed by the Insured on March 16, 2015.  One of the two March 16, 2015 Beneficiary Change Forms designated "Charles Gaylord (Brother)" as the sole primary beneficiary and "Sabrina R. Gaylord (Daughter)" as the secondary beneficiary.  The other March 16, 2015 Beneficiary Change Form designated "Janice Gaylord (Spouse) 5%; Garrett Hillard (Stepson) 20% and Charles Gaylord (Brother) 75%" as the primary beneficiaries and "Sabrina Dianna Gaylord

(Daughter)" as the secondary beneficiary.  *Copies of the two March 16, 2015 Beneficiary Change Forms are attached collectively hereto as* **Exhibit B**.

14. State Farm requested clarification regarding the Insured's intentions with respect to the inconsistent March 16, 2015 Beneficiary Change Forms, but did not receive further information.

15. Upon information and belief, the Insured died on or about October 21, 2020.

16. As a result of the death of the Insured, Policy death benefits in the amount of approximately $113,150.00 (the "Death Benefit") became due to a beneficiary or beneficiaries and State Farm concedes liability to that effect.

17. As of the date of this interpleader complaint's filing, competing claims have been made to the Policy Death Benefit.

18. Under the circumstances described above, State Farm cannot determine factually or legally who is entitled to the Death Benefit.  By reason of the actual or potential claims of the Defendants, State Farm is or may be exposed to multiple liability.

19. State Farm is ready, willing and able to pay the Death Benefit in accordance with the terms of the Policy and to whomever this Court shall designate.

20. As a mere stakeholder, State Farm has no interest (except to recover its reasonable attorneys' fees and cost of this action) in the Death Benefit payable and respectfully requests that this Court determine to whom said benefits should be paid.

21. State Farm accordingly will deposit into the Court the Death Benefit and applicable interest, if any, for disbursement in accordance with the judgment of this Court.

22. State Farm has not brought this Complaint in Interpleader at the request of any Defendant. There is no fraud or collusion between State Farm and any Defendant. State Farm brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, State Farm prays that the Court enter judgment as follows:

A.  requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Death Benefit;

B.  requiring that the Defendants settle and adjust between themselves who is entitled to the Death Benefit, or upon their failure to do so, having this Court settle and adjust the claims and determine to whom the Death Benefit should be paid;

C.  permitting State Farm to deposit the amount of the Death Benefit into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

D.  discharging State Farm from any and all further liability to the Defendants relating in any way to the Policy and/or the Death Benefit upon payment of the Death Benefit into the Registry of this Court or as otherwise directed by this Court;

E.  enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Policy and/or the Death Benefit;

F.  awarding State Farm its reasonable attorneys' fees and costs in their entirety; and

G.  awarding State Farm any other and further relief that this Court deems just and proper.

DATED: March 10, 2021

Respectfully Submitted,

By   /s/ John Walker
    John Walker
    Lisa M. Prince
    Attorneys for Plaintiff State Farm Life Insurance Company